CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOE TANTURRI, | ) | Civil Action No. 7:15-cv-00117 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ZYCH, | ) | By:   Hon. Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Joe Tanturri, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response seeking dismissal of the petition, and Petitioner responded, making this matter ripe for disposition. After reviewing the record, the court dismisses the petition because Petitioner is not entitled to habeas relief.

State authorities in Georgia arrested Petitioner on November 25, 2008, and kept Petitioner in their custody after a state court sentenced him on June 15, 2009, to a five-year sentence for various state-law convictions. That five-year sentence commenced on June 15, 2009, and Petitioner was transferred to the Georgia Department of Corrections on August 26, 2009.[1]

While Petitioner was awaiting the transfer into the Georgia Department of Corrections, he was indicted in the United States District Court for the Northern District of Georgia ("District Court") in United States v. Tanturri, No. 2:09CR43. Pursuant to a federal writ of habeas corpus ad prosequendum, the United States Marshals Service ("USMS") took physical custody of Petitioner on September 17, 2009, for his prosecution at the District Court.[2] The District Court

---

[1] The state department of corrections awarded prior custody credit for the time after Petitioner's arrest on November 25, 2008, and before his sentencing on June 15, 2009.

[2] The time Petitioner spent in the physical custody of the USMS was credited against the state sentences. A writ of habeas corpus ad prosequendum is issued "when it is necessary to remove a prisoner, in order to prosecute or bear testimony in any court, or to be tried in the proper jurisdiction wherein the fact was committed." Price v. Johnston, 334 U.S. 266, 282 n.9 (1948).

sentenced Petitioner to 135 months' imprisonment on May 28, 2010, and the USMS returned Petitioner to state officials' physical custody on June 8, 2010.[3] Petitioner remained under the physical or legal custody of state officials until freed on August 5, 2013.[4]

The USMS arrested Petitioner on August 7, 2013, pursuant to a federal arrest warrant issued by the District Court to effectuate the federal sentence. The federal Bureau of Prisons ("BOP") determined that Petitioner began serving the federal sentence on the day the USMS arrested him. The BOP has not awarded any prior custody credit against the federal sentence, and Petitioner's current expected release date is July 13, 2023.

Petitioner argues in the instant petition that he is entitled to prior custody credit for the time the USMS had custody of him via the writ of habeas corpus <u>ad prosequendum</u> and for the time between his release from state custody and arrest by the USMS. Petitioner argues that the BOP's failure to credit these time periods against his current federal sentence violates due process.

The petition must be dismissed because no violation of due process occurred. Petitioner cannot receive credit for the time he was in the legal custody of state officials but in the physical custody of the USMS. Primary jurisdiction remained vested in state officials until they relinquished primary jurisdiction upon his satisfaction of the state sentences. <u>See, e.g.</u>, <u>United States v. Warren</u>, 610 F.2d 680, 684-85 (9th Cir. 1980). The time the USMS "borrowed"

---

[3] The federal criminal judgment did not specify that the 135-month sentence would run concurrently with any state sentence. See 18 U.S.C. § 3584(a) (providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). Petitioner recently asked the District Court to clarify whether it intended Petitioner to receive credit toward his federal sentence for the time he spend in the legal and physical custody of state officials; the District Court explained it did not intend for Petitioner to receive that credit. United States v. Tanturri, No. 2:09-cr-00043-2 (N.D. Ga. Apr. 1, 2016) (order denying Petitioner's motion).

[4] Petitioner alleges that he was freed from all forms of custody because the USMS failed to ensure the transfer of his legal and physical custody to federal officials to begin serving the federal sentence.

2

Petitioner from state officials via the writ of habeas corpus ad prosequendum did not invalidate state officials' primary jurisdiction over him. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). Petitioner's federal sentence commenced on August 7, 2013, when the USMS arrested him to being serving the federal sentence. See 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

Petitioner focuses on a dispute whether he was released "to the street" or to a local correctional facility in July 2010.[5] However, the dispute is not material because it does not affect when his federal sentence commenced. Accordingly, Petitioner fails to establish any entitlement to habeas relief, and the petition is dismissed.

ENTER: This ___ day of June, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[5] The court grants Petitioner's motion for judicial notice and hearing to the extent it considers his jail ledger and is denied in all other respects.